UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NAHTANHA HERRERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-02497-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Directing Further Development of Motion for Relief Under 28 U.S.C. § 2255
and Appointing Counsel to Represent the Petitioner**

Petitioner Nahtahna Herrera pleaded guilty to two counts of sex trafficking of a minor. In this civil action, Ms. Herrera seeks relief under 28 U.S.C. § 2255 alleging in part that she received ineffective assistance of counsel because counsel did not pursue a direct appeal despite Ms. Herrera's instructions to do so. Dkt. 1 at 6; dkt. 1-1 at 4. Section 2255 permits a prisoner to petition for relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The Court must "grant a prompt hearing" on the petition unless the motion and record "conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b). For the reasons explained below, Ms. Herrera is entitled to a hearing on her motion.

**I. Background**

Ms. Herrera directed two minor victims to engage in commercial sex acts and facilitated the acts. *United States v. Herrera*, 1:17-cr-00129-TWP-TAB-2 ("Crim. Dkt."), dkt. 88 at ¶ 12. She received all of the proceeds from the commercial sex acts. *Id.*

In August 2017, Ms. Herrera was charged with three counts of sex trafficking of a child in violation of 18 U.S.C. § 1591 and one count of interstate travel in aid of racketeering in violation

of 18 U.S.C. § 1952. Crim. Dkt. 66. She executed a petition to enter plea of guilty and plea agreement in December 2017. Crim. Dkt. 88.

In the plea agreement, Ms. Herrera agreed to plead guilty to two counts of sex trafficking of a minor in exchange for dismissal of the other two counts. *Id.* at ¶¶ 1-2. The plea agreement was binding under Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agreed to a 240-month term of imprisonment. *Id.* at 10. Ms. Herrera waived her right to file a direct appeal and her right to challenge her conviction under 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel. *Id.* at ¶¶ 18-19. After conducting a hearing, the Court accepted Ms. Herrera's guilty plea and sentenced her to 240 months' imprisonment and a 10-year term of supervised release. Crim. Dkt. 113; Crim. Dkt. 116. Ms. Herrera did not appeal her conviction and sentence, but she filed this § 2255 motion in June 2019.

## II. Ineffective Assistance of Counsel Claim

Ms. Herrera presents four claims of ineffective assistance of counsel in her § 2255 motion. At this juncture, the Court will focus on her claim that she received ineffective assistance of counsel due to counsel's failure to pursue a direct appeal because resolution of this claim impacts whether the Court will address the merits of her other claims. *See United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that when a district court grants a petitioner the right to file a direct appeal because of a § 2255 motion, the other claims should be dismissed without prejudice).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). And "[w]hen counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999). "In other words, '[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel.'" *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012) (quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)). When there are conflicting accounts as to whether a defendant asked counsel to pursue a direct appeal, there is a factual question for the Court to resolve. *Id.* at 903-04.

Here, Ms. Herrera alleges that she asked counsel to file an appeal. *See* dkt. 1 at 6 ("Defendant's attorney failed to file for a Notice of Appeal as requested by Defendant."); dkt. 1-1 at 4 (alleging she "wanted an appeal" but counsel said "she couldn't file one"). In response, the government has submitted an affidavit from counsel describing the various ways counsel communicated with Ms. Herrera concerning an appeal and stating that "Ms. Herrera did not request that I file any Notice of Appeal on her behalf." Dkt. 15-1. Although the government argues that Ms. Herrera "never requested [counsel] to file a notice of appeal on her behalf," dkt. 15 at 16, this argument ignores the allegations in Ms. Herrera's motion. Ms. Herrera's assertions and counsel's assertions are directly contradictory. Therefore, the Court must conduct an evidentiary hearing to resolve the conflict. *Dowell*, 627 F.3d at 903-04.

### III. Conclusion

An evidentiary hearing is necessary to resolve Ms. Herrera's allegation that she received ineffective assistance of counsel because counsel failed to file a direct appeal. After resolving this claim, the Court will address the remainder of Ms. Herrera's claims.

Because a hearing is necessary to resolve one of Ms. Herrera's claims, the interests of justice require the appointment of counsel to represent her. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court appoints the Indiana Federal Community Defender ("IFCD") to represent Ms. Herrera in this action. Should the IFCD be unable to represent Ms. Herrera, substitute Criminal Justice Act counsel may seek leave to appear on Ms. Herrera's behalf pursuant to § 3006A(c). Appointed counsel shall have **through January 21, 2022**, to enter an appearance on behalf of Ms. Herrera. Appointed counsel will be responsible for representing Ms. Herrera at the evidentiary hearing and advising her concerning the rest of her claims. The Court will schedule the evidentiary hearing and set additional pre-hearing deadlines after appointed counsel enters an appearance.

**IT IS SO ORDERED.**

Date: 12/22/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NAHTANHA HERRERA
15732-028
CARSWELL - FMC
CARSWELL FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 27137
FORT WORTH, TX 76127

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov